# PETROSHARE CORP.

## Minutes of a Special Meeting of the Board of Directors

A special meeting of the Board of Directors ("Board") of PetroShare Corp., a Colorado corporation (the "Company"), was held on March 25, 2019 via conference call. The meeting was called to order by the Chairman, Bill Conrad, at 2:05 PM Mountain Time.

The following members of the Board were present at the meeting: Bill Conrad, Steve Foley, Fred Witsell, and Douglas Harris, and Scott Chandler attended via conference call.

Mr. Conrad called for a waiver of notice of meeting and all agreed. Mr. Conrad noted the recent resignation of three members of the Board, each affiliated with either Providence Wattenberg or 5NR Wattenberg, lenders under the Secured Credit Agreement ("Lenders"), and declared that a quorum was present for the purposes of the Board meeting.

Mr. Conrad asked that Mr. Foley act as the recording secretary for the meeting.

### Item 1: D&O Insurance Renewal

Mr. Witsell informed the Board that the Company's Directors' and Officers' ("D&O") Insurance is due to expire on March 29, 2019. He explained that management had taken steps to apply for a renewal of the existing policy and had received an offer from IMA representing the current group of underwriters to bind coverage on the same terms and limits as the prior year. The premium for the new policy would be $415,000 and they would look at the possibility of the premium being financed over 12 months.

The Board then discussed the necessity of maintaining adequate D&O coverage in order to be able to attract and retain qualified individuals to serve in those capacities. Following the discussion, Mr. Witsell made a motion for the Board to authorize and empower management of the Company to take all necessary actions to renew the Company's D&O insurance for up to one year on the same terms and conditions as the existing policy, including paying or making arrangements for paying the required premium on that policy. Mr. Harris seconded the motion and it was unanimously approved.

### Item 2: Proposed Restructuring

Mr. Conrad next reiterated that the three Lender-appointed members of the Board tendered their resignation on March 22, 2019. Mr. Conrad suggested that this move may be a prelude by the Lenders to remove any appearance of a conflict of interest in order that they can pursue legal action to collect the amounts remaining under the Secured Credit Agreement. He reminded the Board that the lenders currently hold approximately $15.5 million of the proceeds of the recent non-op sale in an escrow account in order to protect their position under the Agreement.

Mr. Conrad also informed the Board that Providence Energy LP and the Lenders had formally terminated negotiations under the February 8, 2019 Non-Binding Term Sheet, terminated the Limited Consent for the sale of Non-Op assets effective March 15, 2019 and that the Lender was going to apply the Non-Op sale proceeds against the senior loan balance.

Mr. Conrad continued by saying that in terminating the negotiations, the Lender group and the potential equity group cited the recent dramatic changes in the Colorado political climate reflected in the proposed SB 19-181 which seeks to change the charter and direction of the Colorado Oil and Gas Conservation Commission and the potential detriment to local oil and gas development. He also noted the recently-approved 6 month moratorium on new drilling permits in Adams County, Colorado, where the bulk of the Company's properties are located. Mr. Witsell added that he and Mr. Foley had a call on Friday afternoon, March 22, 2019 with the Administrative Agent for the Lenders during which the representatives of the Administrative Agent suggested that the Company consider other re-capitalization options including, but not limited to, filing a friendly Chapter 11 bankruptcy and then working with the Lenders to file a pre-packaged or similar reorganization plan to address trade debt, the senior loan and the unsecured noteholders.

Mr. Witsell continued by discussing the option to identify and obtain private equity to re-capitalize the Company. He also mentioned a potential sale of Shook production and other assets to Great Western or others. Following the comments by Messrs. Conrad and Witsell, a lengthy discussion ensued during which the Board discussed the merits of various options, including the filing of a bankruptcy petition if the same became necessary. Mr. Witsell passed along information that he had received from the law firm Polsinelli on the benefits and detriments of pursuing bankruptcy.

Mr. Witsell then made a motion for the Board to authorize and empower management of the Company to take all necessary actions to investigate potential equity providers, asset sales and re-capitalization options, including hiring legal counsel and any necessary professionals and investment bankers, if needed, to execute and file on behalf of the Company all necessary documents to effectuate a recapitalization or restructuring option, including the commencement of a voluntary Chapter 11 bankruptcy case and obtain relief as they deem necessary, proper and desirable in connection with a Chapter 11 case.

Mr. Harris seconded the motion and the following resolutions were unanimously approved:

> **RESOLVED**, that any of the Chairman of the Board, Chief Executive Officer, President, or Chief Financial Officer and such other officers as may be designated by the Chief Executive Officer (the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute on behalf of the Company a renewal of the Company's D&O insurance for the upcoming 12 month period: and further
>
> **RESOLVED**, that management of the Company, following the investigation of such options as they deem necessary and appropriate to obtain additional financing and/or negotiate a resolution of the existing default under the secured credit agreement, are hereby authorized to file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code on behalf of the Company; and further

**RESOLVED**, that any of the Chairman of the Board, Chief Executive Officer, President, or Chief Financial Officer and such other officers as may be designated by the Chief Executive Officer (the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence the Chapter 11 bankruptcy case and obtain any Chapter 11 relief as they may deem necessary, proper and desirable in connection with the Chapter 11 case; and further

**RESOLVED**, that the Authorized Officers be, and each of them individually is, hereby authorized and directed to cause the Company to employ the law firm of Polsinelli PC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers be, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain the services of Polsinelli PC; and further

**RESOLVED**, that the Authorized Officers be, and each of them individually is, hereby authorized and directed to cause the Company to employ one or more investment bankers to identify potential acquirers of the Company's assets, and to take any and all actions to advance the Company's rights and obligations, and in connection therewith, the Authorized Officers be, and each of them individually is, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain the services of one or more investment bankers; and further

**RESOLVED**, that the Authorized Officers be, and each of them individually is, hereby authorized and empowered to cause the Company to employ other counsel and professionals of their choice to the extent necessary and to enter into such fee arrangements for payment of such counsel and professionals as deemed appropriate, in each case subject to approval by the Court if required; and further

**RESOLVED**, that the Authorized Officers be, and each of them individually is, hereby authorized and empowered to take or cause to be taken any and all such further actions, to execute and deliver any and all such further instruments and documents and to pay all such fees and expenses, as the Authorized Officers, acting alone or with one or more other Authorized Officers, shall deem appropriate in their judgment to fully carry out the intent and accomplish the purposes of these Resolutions; and further

**RESOLVED**, that all actions heretofore taken by the Authorized Officers, acting alone or with one or more other Authorized Officers, in the name of and on

behalf of the Company, in connection with any of the foregoing matters are hereby in all respects ratified, confirmed and approved.

**Adjournment**

Mr. Conrad asked if there was any other business to be discussed. Hearing none, Mr. Conrad called for a motion to adjourn the meeting. Mr. Chandler seconded the motion and it was unanimously approved.

The meeting was adjourned at 2:50 PM.

**Respectfully submitted:**

_____
Frederick Witsell, Secretary